

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Dear Sir:

Opinion No. O-3853
Re: Induction into the Army of
the Justice of the peace does
not create a vacancy in such
office -- such Justice where
he is compensated on a salary
basis is entitled to draw his
salary as long as he remains
such Justice of the peace.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"One of our Justices of the Peace who is drawing a salary under the Officer's Salary Law has been drafted, and is now serving with our armed forces. There is no one serving in his stead.

"Question: Shall the County continue to pay this salary until the expiration of his term?

"I shall appreciate your answer at your earliest convenience, because the pay checks are made out on the 25th of this month for the month of April."

We quote from Opinion No. O-4457 of this department as follows:

"In opinion No. O-3448, addressed to the Honorable Fred Morris, County Auditor, Polk County, Livingston, Texas, this Department, following Article

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

5, Section 24, of the Constitution of Texas, and following also the opinion of the court in the case of Hamilton v. King (Texas Civil Appeals, 1918), 204 S. W. 953, held that the induction of a county attorney into the army did not create a vacancy in such office. Since Article 5, Section 24, of the Constitution of the State of Texas, also includes justices of the peace in its terms, we believe that the opinion above referred to sufficiently answers your question regarding the vacancy, and that following this opinion and in accordance with the holding of the court, your first question should be answered in the negative, that is, that the induction into the army of the justice of the peace, referred to in your letter, does not create a vacancy in such office. A copy of this opinion is attached hereto for your information."

Opinion No. 0-4465 of this department holds that the county attorney of Liberty County who joined the United States Army was entitled to his salary from the officer's salary fund as long as he remained such county attorney. This opinion points out however that if the county official accepted and exercised an office in the U. S. Army he would vacate his county office, under section 12 of Article XVI of our Constitution, as held in opinion No. 0-4343 of this department.

We enclose herewith copies of opinions Nos. 0-2533, 0-3448, 0-4343, 0-4457, and 0-4465, of this department for your information.

We assume from your letter that the justice of the peace holds and exercises no office in the U. S. Army.

Under the facts stated and assumed, it is our opinion that the justice of the peace now serving in the army is legally entitled to draw his salary from the officer's salary fund of your county as long as he holds such office, provided of course that the precinct officers of your county continue to be compensated on a salary basis.

Of course, if the justice becomes an army officer he will then vacate his office of justice of the peace and his salary as justice would then stop.

Honorable P. L. Marquess, page 3


        Trusting that we have satisfactorily answered your
inquiry, we are

                                    Very truly yours

                                    ATTORNEY GENERAL OF TEXAS

                                    By    Wm. J. Fanning
                                          Wm. J. Fanning
                                          Assistant

WJF:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN